# UNITED STATES
## *v.*
## JOSÉ CASANOVA ET AL.

San Juan, Law, No. 975.

### MOTION TO SET ASIDE JUDGMENT.

**Practice—Setting Aside Judgment by Default.**
   1. An application to set aside a judgment by default follows the principles of a motion for new trial, and this under U. S. Rev. Stat.

United States v. Casanova.

§ 726, U. S. Comp. Stat. 1901, p. 584, is governed by Federal, and not by local, practice.

Setting Aside Judgment—Excusable Neglect.
    2. In an application to set aside a judgment by default, there must be shown reasonable diligence. The fact that a client, alleged to be not accessible, lived in the country accessible in two hours from the place of trial, does not present such a case.

Same—Good Defense.
    3. Besides proper excuse, the application must show that there might be a good defense. Setting up defects in an instrument executed by the defendant would allow him to take advantage of his own wrong, and would not come within the rule.

Opinion filed March 13, 1914.

---

*Mr. W. N. Landers,* United States Attorney, for the government.

*Mr. Miguel Guerra* for defendants.

HAMILTON, Judge, delivered the following opinion:

In this case there is a motion to set aside a judgment by default, filed March 11th by the attorney Miguel Guerra, and supported by affidavits of Attorney General Pitkin and Guerra. The application is made more particularly under § 140 of the Code of Civil Procedure of Porto Rico, and it appears proper to say that it is very doubtful whether that section applies to the procedure of this court.

1. There are two of what are called conformity statutes governing the procedure of this court. One is § 721 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 581, which calls

VI. Porto Rico—38.

United States v. Casanova.

for the observance of state laws as to rights; but the one which would control us at this time is § 914 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 684,. which provides that the procedure of the Federal court shall conform as near as may be to that of the state courts where the trial is had.

This is an application to set aside a judgment by default, and is somewhat in the nature of a motion for a new trial, or at least it would come under the principles which would apply to a motion for a new trial. That matter, under the Revised Statutes, § 726, is governed by Federal practice only. I do not think that this would come under the local practice. The rules are not very different, however, and it seems to me that the application could be decided under the Federal statute and under the local statute pretty much the same way.

2. The case set up what is claimed to be "excusable neglect" in permitting a judgment by default. In any application for a new trial, or any application of this kind, there are two things to be considered. In the first place, there must be reasonable diligence; there must be some good excuse for not acting previously. That set up here is that the client was out in the country, and the attorney was in town and was not able to communicate with his client. In point of fact, the place where the client lived was only two hours away from San Juan, and it does not look as if there should be any special difficulty in communicating; and besides, even if there was, that should have been brought to the attention of the court at the time, and permission obtained, which is always granted in a proper case, for extension of time to answer, or whatever might be the step required. So the court does not think that any proper excuse has been offered.

United States v. Casanova.

3. And then again, the rule is that, even when there is any proper excuse, there must be some showing of a good defense. It would do no good to open a case if the decision is going to be as it was in the first instance; and the court is not at all satisfied with the showing made by the applicant in this regard. What is set up is mainly some alleged defects in the execution of the bond made by the applicants themselves, and, as presented, it would look very much as if it would be permitting a defendant to take advantage of his own wrong. This does not commend itself to the court at all; so that from any point it would look as if the application must be denied, and it is so ordered.